UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-20981-CIV-TORRES

ALLSTATE INDEMNITY COMPANY,

    Plaintiff,

vs.

CRUZ & CRUZ, INC.; CLARIBEL LOPEZ-CRUZ; LUIS ENRIQUE CRUZ-GOVIN; LUIS N. CRUZ, JR. a/k/a LUIS CRUZ-GOVIN; and, WILSON TORRES, individually, and as Personal Representative of the Estate of MYRIAM DEL SOCORRO LOPEZ,

    Defendants.
_____/

## ORDER ON
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court upon Plaintiff's Motion for Summary Judgment [D.E. 14, 15]. The Court has reviewed the motion, the responses, and the record in the case. For the reasons stated below, Plaintiff's motion is **GRANTED**.

### I.  BACKGROUND

#### A.  *The Parties and the Basis for this Lawsuit*

The following facts are uncontested. As part of a divorce settlement in 2005, Claribel Cruz ("Ms. Cruz") took over Cruz & Cruz, Inc., a property management business, with her ex-husband, Luis N. Cruz, Jr. ("Dr. Cruz"), maintaining no involvement in the business after the divorce. [D.E. 14-2]. As a result, Ms. Cruz remained the president and sole stockholder of Cruz & Cruz, Inc. Other than Ms. Cruz, Cruz & Cruz, Inc. had two other employees, Arlene Cruz and Simon Lue. [D.E. 14-2].

Cruz & Cruz, Inc. insured their cars with Plaintiff Allstate Indemnity Company ("Allstate"). Consequently, Allstate issued a Business Auto Policy to Cruz & Cruz, Inc., ("the Named Insured"), Policy No. 048784591 ("Business Auto Policy") with effective dates of June 22, 2008 through June 22, 2009. [D.E. 14-1]. The only vehicles specifically described on the Business Auto Policy when it was issued on June 22, 2008 were a 2006 Infiniti M Series ("Infiniti") and a 2008 Mercedes-B S63 ("Mercedes"). [D.E. 14-2]. Ms. Cruz leased the Infiniti for her minor son, Luis Enrique Cruz-Govin ("Enrique"), to drive, and after the 24-month lease terminated on June 31, 2008, the Infiniti was removed from the Allstate Policy effective July 19, 2008. Enrique never drove the Mercedes listed on the Policy, nor did Ms. Cruz replace the Infiniti. [D.E. 14-2].

On or about September 11, 2008, at approximately 8:40pm, Enrique was driving his father's 2008 Subaru ("Subaru") [D.E. 14-4], when he was involved in a collision with Wilson Torres and Myriam Del Socorro Lopez. *See* Complaint ¶ 12 [D.E. 1]. As a result of the accident, Defendant, Wilson Torres, individually, and as a personal representative of the Estate of Myriam Del Socorro Lopez, sought recovery against Enrique as driver of the Subaru and against Dr. Cruz under Florida's dangerous instrumentality doctrine based upon Dr. Cruz's ownership of the Subaru. Torres also sought damages from Ms. Cruz, Enrique's mother and Dr. Cruz's ex-wife, alleging that Ms. Cruz knew her then–minor son was an incompetent driver and had a duty to prevent him from driving. [D.E. 1-5, D.E. 15-2].

The Subaru Enrique was driving the day of the accident was purchased by Dr. Cruz on October 12, 2007, for his own use. He insured it with AIG, which provided $10.3 million dollars in coverage. [D.E. 14-3].

B.   *<u>The Policy</u>*

The insuring obligation in the liability coverage provisions of the subject Business Auto Policy provides as follows:

> **SECTION II – LIABILITY COVERAGE**
>
> A.   **COVERAGE**
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

> **SECTION I- COVERED AUTOS**
> Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".
>
> **Description of Covered Auto Designation Symbols**
> **(7) Specifically Described "Autos"**
> Only those "autos" described in Item Three of the declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three).
>
> **(8) Hired "Autos" Only**
> Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners (if you are in a partnership), members (if you are a limited liability company) or members of their households.
>
> **(9) Nonowned "Autos" Only**
> Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs.

> **B. Owned Autos You Acquire After the Policy Begins**
> \*\*\*
> **2.** But, if Symbol 7 is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:
>
>> **a.** We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had a coverage; and
>>
>> **b.** You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

## II.  ANALYSIS

The purpose of this suit is to construe and determine the rights and obligations of the parties under the coverage of the insurance company's policy issued to Cruz & Cruz, Inc., as to a vehicular accident occurring in Miami-Dade on September 11, 2008. Thus, the main issue before the Court is whether the Defendants are entitled to insurance coverage from Allstate for the damages Wilson Torres, individually, and as Personal Representative of the Estate of Myriam Del Socorro Lopez is seeking from the Defendants. The undisputed facts in this record demonstrate that the 2008 Subaru owned by Dr. Cruz and being driven by Enrique at the time of the subject accident was not a "covered auto" under the Business Auto Policy issued to Cruz & Cruz, Inc. Accordingly, Plaintiff is entitled to entry of judgment in this action.

### A.  *Summary Judgment Standard*

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The moving party

bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden is met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Thus, the non-moving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### B.  *Liability Coverage*

The insuring obligation Section II(A)–Liability Coverage of Cruz & Cruz's Policy provides that Allstate will pay damages an "insured" must pay because of bodily injury or property damage caused by accident and resulting from the use of a "covered auto." Thus, in order for liability coverage to exist for the subject accident under the Cruz & Cruz Business Auto Policy, there must be both an "insured person" and a "covered auto." *See Duncan Auto. Realty, Ltd. v. Allstate Ins. Co.*, 754 So. 2d 863, 864 (Fla. 3d DCA 2000) (noting for coverage to exist under Allstate's Business Auto Policy an insured person must be using an insured auto).

#### 1.  *Enrique Was Not an "Insured" in a "Covered Auto"*

In order to qualify as an "insured" under Allstate's Business Auto Policy, one must be using a "covered auto" or be liable for the conduct of another insured who is

using a "covered auto" as set forth in the Allstate provisions. Thus, for purposes of liability coverage in this case, the issue is whether the Subaru Enrique was driving the night of the accident was a "covered auto" under the terms of the Business Auto Policy issued to Cruz & Cruz, Inc.

To determine what is a "covered auto" one must look to the "Description of Covered Auto Designation Symbols" of the policy. *See supra*, Part I.B. Under this coverage provision of the policy, the 2008 Subaru would only be considered a covered auto if it were "described in Item Three of the declarations" (7); "leased, hired, rented, or borrowed" by Cruz & Cruz, Inc. (8); or, if the Subaru was used in connection with Cruz & Cruz's business (9). *See supra*, Part I.B. As a matter of law, the Subaru does not qualify as a Covered Auto under Symbols 7, 8, or 9.

Specifically, because the Subaru is not expressly described in Item Three of the Declarations [D.E. 14-2], the Subaru does not qualify as a "specifically described auto" under Symbol (7). Moreover, it is undisputed from the Record that the Subaru was not a "hired auto" as described in the terms of the Policy and was not leased, hired or rented by Cruz & Cruz, Inc. [D.E. 14-12,24,25, and 26]. Accordingly, the Subaru does not qualify as a "hired auto" under Symbol (8). Finally, the Subaru does not qualify as a "Nonowned Auto" under Symbol (9) because it is unquestionable from the Record, as well as Ms. Cruz and Cruz and Cruz, Inc.'s deposition, that Enrique was not engaged in any business activities for Cruz & Cruz, Inc. at the time of the accident.

As a result, the Subaru does not qualify as a covered auto under the terms of the Business Auto Policy and no coverage exists for the accident.

### *2. The Subaru Does Not Qualify as an Auto Acquired After the Policy Began*

The Business Auto Policy specifically covers autos owned by Cruz & Cruz, Inc. that are acquired by Cruz & Cruz, Inc. after the policy begins. *See supra*, Part I.B. The Subaru, however, does not qualify as an additional or replacement after-acquired auto because Cruz & Cruz, Inc. never acquired the Subaru, which was purchased by Dr. Cruz in October 2007, eight months before Allstate's Policy began. [D.E. 14-3].

The case of *Newbern Distribrution Co. v. Canal Insurance Co.*, 124 So. 2d 721 (2d DCA 1960), is illustrative. Newbern, the insured, gave no notice to the insurance company to add a 1953 Diamond T tractor to the policy or to substitute it in the place of the one listed by the policy. *Id.* at 723. The court, relying on *Aetna Casualty & Surety Co. v. Chapman*, 200 So. 425 (Ala. 1941), and other other cases, held that "under the replacement provision providing automatic coverage for newly acquired vehicles, a prerequisite is that the insured acquire ownership of the new vehicle." *Id.* at 724.

Similarly, here, the Subaru being driven by Enrique the night of the accident was not acquired by by Cruz & Cruz, Inc., nor was it added to the Business Auto Policy. It was also not being used as a substitute for the Mercedes listed on the policy as the Mercedes was in Mrs. Cruz's possession and was not broken down, being serviced, lost nor destroyed as provided by Allstate's policy. [D.E. 29-7]. Instead, the Subaru was owned by Dr. Cruz and was insured with AIG. [D.E. 14-3]. Therefore, the Subaru does not qualify was an after acquired auto.

### *3. Defendants' Proffered Issues of Fact Are Unavailing*

To rebut these conclusions of law, Defendants raise four questions they contend prevent the entry of summary judgment in this case:

1. Whether Arlene Cruz was an employee of Cruz & Cruz, Inc.

2. Whether Claribel Lopez-Cruz, Arlene Cruz, and Enrique Cruz were members of the same household.

3. Whether the vehicle driven by Enrique Cruz at the time of the accident was being driven for the personal affairs of his mother Claribel Lopez-Cruz.

4. Whether the 2008 Subaru had become a replacement vehicle for the Infinity whose lease had expired on June 31, 2008.

[D.E. 27-2 ¶ 4, ¶ 5, ¶ 7 and ¶ 9]. Defendants argue that if these questions of fact are decided in Defendant's favor a finding "maybe be made that the policy provided coverage to defendants Claribel Lopez-Cruz and Cruz & Cruz, Inc. at the time of the accident." [D.E. 27-4 ¶ 10].

The first three questions raised by the Defendants deal with the policy's "Nonowned Auto" provision, which provides that under certain autos, including "autos owned by [Cruz & Cruz, Inc.'s] employees . . . or members of their households . . . while used in [Cruz & Cruz, Inc.'s] business or personal affairs" are considered covered autos. Finally, the fourth and last question raised by Defendants refers to the "Temporary Substitute Auto" provision of the policy. *See supra*, Part I.B.

We find, however, that the questions raised by the Defendants do not preclude summary judgment because they are immaterial to the coverage issue. The Defendants have thus failed to set forth specific facts showing that there is a genuine issue of material fact for trial to the dispositive issue in the case.

First, in regard to the question of whether Ms. Cruz's daughter, Arlene Cruz, was an employee of Cruz & Cruz, Inc., there is no issue of fact. The record is undisputed and clear that Arlene Cruz was an employee of Cruz & Cruz, Inc. [D.E. 14-2]. Moreover, Arlene Cruz's employment would only matter in the coverage dispute only if she owned the Subaru, which Defendants do not contend was Dr. Cruz's. [D.E. 14-3].

Likewise, the question whether Ms. Cruz, Arlene and Enrique are members of the same household is immaterial. Under the "Nonowned Auto Provision," the residency of Ms. Cruz, Arlene Cruz and Enrique would be material only if one of them owned the Subaru. As already noted, it is undisputed that the Subaru was owned by Dr. Cruz and insured by AIG. [D.E. 1-7 ¶ 30, 14-3]. Even if Arlene's residency did matter, both Ms. Cruz and Enrique testified that Arlene did not live with Ms. Cruz. [D.E 29-5].

Third, the Defendant raises the question of whether Enrique was driving the Subaru for Ms. Cruz's personal affairs. This question, however, would only matter if the Subaru was owned by an employee of Cruz & Cruz, Inc. or a member of Cruz & Cruz, Inc.'s household. Again, the 2008 Subaru was owned by Dr. Cruz, who was not employed by Cruz & Cruz, Inc. [D.E. 1-7 ¶ 30, 14-3]. As such, whether Enrique was using the Subaru for his mother's personal affairs is immaterial to any coverage determination under Allstate's policy provision because the auto used in "your" business or personal affairs, is defined as Cruz & Cruz, Inc., the named insured, not Ms. Cruz. [D.E. 14 ¶ 35, 36]. *See, e.g., Wausau Underwriters Ins. v. Balillei*, 281 F. Supp. 2d 1307, 1316 (M.D. Fla. 2002) (noting "you" and "your" in similar provisions refers to corporation listed as named insured, not employee); *see also, Travelers Ins. Co. v.*

*Bartoszewicz,* 404 So. 2d 1053, 1054-55 (Fla. 1981) (noting the term "named insured" has a restrictive meaning and employee was not considered named insured where policy listed corporation as named insured); *American States Ins. Co. v. Kelley*, 446 So. 2d 1085, 1086 (Fla. 4th DCA 1984) (corporations are legal entities distinct from the persons compromising them and sole shareholders or corporation were not considered named insured where the policy listed the corporation). Here, there is no evidence in the record to indicate that Enrique was using the Subaru for Cruz & Cruz, Inc.'s affairs, as he is not an employee of Cruz & Cruz, Inc., nor was he using the Subaru to conduct any company business. [D.E. 27 ¶ 6].

Lastly, in regard to the Defendant's final question, Allstate's Business Auto Policy provides coverage for a vehicle that is a "temporary substitute" for a covered auto. The policy does not provide for a "replacement" auto, as the Defendants claim. *See supra,* Part I.B. At the time of the accident on September 11, 2008, the Infiniti that Ms. Cruz leased for her son Enrique was no longer covered under the policy since Ms. Cruz returned the Infinity following the termination of the lease and Allstate took it off the policy on July 19, 2008. [D.E. 14-2 ¶ 10]. Ms. Cruz never replaced the Infiniti, her Mercedes remaining as the only car under the policy. [D.E. 14-2]. As a result, Enrique cannot use his father's Subaru in place of the Infinity under the Temporary Substitute Auto provision.

The Florida Third District Court of Appeals, in *Duncan Auto Realty, Ltd. v. Allstate Ins. Co.*, 754 So. 2d 863 (Fla. 3d DCA 2000), found that Allstate's temporary substitute auto provision "clearly refers to a vehicle that is used in the place of a disabled or lost *insured* vehicle." (emphasis added). *Id.* at 864-65. Moreover, as

previously noted, *in Newbern*, the Florida Second District Court of Appeals rejected the insured's argument that the Diamond T tractor was a temporary substitute vehicle for a Mack tractor no longer covered by the policy or used by the insured. *Newbern*, 124 So. 2d at 724. Accordingly, the Defendant's final question is immaterial to the issue of coverage under the "Temporary Substitute Auto" provision.

### III.  CONCLUSION

Based upon a thorough review of the record as a whole and the arguments presented by the parties in their motions, it is hereby **ORDERED** that Plaintiff's Motion for Summary Judgment [D.E. 14-15] is **GRANTED**. Final judgment shall be separately entered.

**DONE AND ORDERED** in Chambers at Miami, Florida this 19th day of January, 2011.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge